**YI FIN WAN, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,\* Respondent.**

No. 08–3879–ag.

United States Court of Appeals, Second Circuit.

Sept. 1, 2009.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as respondent in this case.

Theodore N. Cox, New York, NY, for Petitioner.

Michael F. Hertz, Acting Assistant Attorney General; Leslie McKay, Assistant Director; Jason Wisecup, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: DENNIS JACOBS, Chief Judge, REENA RAGGI and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Yu Fin Wan, a native and citizen of the People's Republic of China, seeks review of a July 31, 2008 order of the BIA denying his motion to reopen. *In re Yu Fin Wan*, No. A74 153 681 (B.I.A. July 31, 2008). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, contrary to the government's argument, we conclude that Wan does not waive any challenge to the BIA's determination that he failed to demonstrate changed country conditions excusing the time and numerical limitations for filing his motion to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). Indeed, in his brief Wan argues that he submitted to the BIA "new and previously unavailable evidence of changed country conditions."

The government correctly argues that Wan failed to exhaust his argument that the BIA violated his due process rights by denying his second motion to

reopen. That motion asserted that the prior analysis of the U.S. Department of State 2007 report, China: Profile of Asylum Claims and Country Conditions, cited an incorrectly translated copy of the 2001 Fujian Province Population and Family Planning Law ("2001 Law"). Indeed, although Wan titled his motion before the BIA "Due Process Motion to Reopen," he only argued that mistranslations in the 2001 Law rendered certain precedential BIA decisions flawed. Accordingly, we decline to consider Wan's unexhausted due process argument. *See Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119–20 (2d Cir.2007).

■ The government also argues that Wan failed to exhaust his argument that the corrected translation of the 2001 Law constituted "previously unavailable evidence of changed country conditions." Although Wan failed to argue before the BIA that he was submitting evidence of changed country conditions sufficient to excuse the time and numerical limitation for filing his motion to reopen, because the BIA explicitly considered whether Wan had demonstrated such conditions, we consider this issue exhausted. *See Xian Tuan Ye v. DHS*, 446 F.3d 289, 296–97 (2d Cir.2006).

■ The agency did not abuse its discretion in denying Wan's motion to reopen as untimely and number-barred. An alien seeking to reopen proceedings may file one motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 C.F.R. § 1003.2(c)(2). However, there is no time limit for filing a motion to reopen if it is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and

was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA reasonably concluded that Wan had not demonstrated that the time and numerical limitations for filing his motion to reopen were excused by changed country conditions where he submitted no evidence of such conditions in support of his motion. The BIA also reasonably denied Wan's motion to reopen based on his failure to submit evidence that was not previously available. *See INS v. Abudu*, 485 U.S. 94, 104–05, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).